# EXHIBIT A

| JS 44 (Rev. 12/07) (cand rev 1-16-08) | CIVIL COVER SHEET |

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I.
**(a) PLAINTIFFS**

Mosaid Technologies, Incorporated

**DEFENDANTS**

Powerchip Semiconductor Corporation

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900

Attorneys (If Known)

[need information]

E-filing

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [x] 3 | [x] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | PERSONAL PROPERTY | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [x] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence Habeas Corpus: | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | FEDERAL TAX SUITS | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332

Brief description of cause:
Breach of Contract.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 2,000,000 plus interest and fees
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". MOSAID Technologies, Inc. Micron Technology, Inc., U.S.D.C., N.D. Ca., Case No. 5:08-CV-04494-JT

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

[ ] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE 4-28-09
SIGNATURE OF ATTORNEY OF RECORD

American LegalNet, Inc.
www.FormsWorkflow.com

| | |
|---|---|
| 1 | Henry Bunsow (SBN 060707) |
| | bunsowh@howrey.com |
| 2 | K.T. Cherian (SBN 133967) |
| | cheriank@howrey.com |
| 3 | Scott Wales (SBN 179804) |
| | waless@howrey.com |
| 4 | HOWREY LLP |
| | 525 Market Street, Suite 3600 |
| 5 | San Francisco, California 94105 |
| | Telephone: (415) 848-4900 |
| 6 | Facsimile: (415) 848-4999 |

E-filing

Attorneys for Plaintiff
MOSAID Technologies, Inc.

ORIGINAL FILED
2009 APR 28 P 1:57
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDL

MOSAID TECHNOLOGIES,
INCORPORATED,

    Plaintiff,

vs.

POWERCHIP SEMICONDUCTOR
CORPORATION,

    Defendant.

Case No. CV 09-1838

COMPLAINT FOR DAMAGES FOR
BREACH OF WRITTEN CONTRACT

-AND-

DEMAND FOR JURY TRIAL

COMPLAINT FOR DAMAGES FOR BREACH OF
WRITTEN CONTRACT

DM_US:22098095_1

Plaintiff MOSAID Technologies, Incorporated ("MOSAID") alleges as follows for its Complaint for Damages for Breach of Written Contract against defendant Powerchip Semiconductor Corporation ("Powerchip"):

## PARTIES

1. Plaintiff, MOSAID, is a corporation duly organized and existing under the laws of Ontario, Canada, having a principal place of business at 11 Hines Road, Kanata, Ontario K2K 2X1, Canada.

2. Defendant, Powerchip, is, and at all times mentioned was, a corporation of the country of Taiwan having a principal place of business at No. 12, Li-Hsin 1st Rd., Hsinchu Science Park, Hsinchu, Taiwan, R.O.C.

## JURISDICTION

3. The Court has personal jurisdiction over the Defendant in that the Defendant has established minimum contacts with the forum. The exercise of jurisdiction over said Defendant would not offend traditional notions of fair play and substantial justice. This Court also has personal jurisdiction over the Parties because they executed written agreements on or about October 28, 2008, which provide that the agreements will be governed by the laws of the State of California and that, in the event of a dispute, this Court has personal jurisdiction and venue for any controversy or claim arising out of or related to any breach of the agreement, including the breach alleged herein. The allegations of this complaint relate to settlement of an earlier lawsuit between the Parties in this district before Judge Fogel entitled *MOSAID Technologies Inc. v. Micron Technology, Inc.*, U.S.D.C., N.D. Ca., Case No. 5:08-CV-04494-JF which was transferred to this District upon motion by the Defendant.

4. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds the minimum for the Court's jurisdiction and is between citizens of different States.

## VENUE

5. Venue is proper in this district in light of the forum-selection clause in the agreements cited in paragraph 3.

6. Defendant Powerchip is an alien that does business in the state of California and in this district, including providing products which are sold in this judicial district. Venue also is proper in this district pursuant to 28 U.S.C. § 1391.

# FACTS

7. On July 25, 2006, MOSAID filed a patent infringement action in the Eastern District of Texas against Powerchip. That action was subsequently transferred to the Northern District of California, and was assigned to Judge Fogel.

8. On or about October 28, 2008, the parties executed a Patent Licensing Agreement ("PLA"). The parties entered into the PLA in conjunction with settlement of patent infringement litigation between the parties pending in the Northern District of California. The parties' Settlement Agreement references the PLA as part of the parties' settlement. The provisions of the PLA and the Settlement Agreement are incorporated herein by reference.

9. Pursuant to Article VIII, Section 11 of the PLA, the parties agreed that the PLA would be governed by California law. The parties also agreed that: "By signing this Agreement, . . ., the parties also consent to personal jurisdiction in the State of California, United States of America, and agree that any venue therein is an acceptable jurisdiction for any controversy or claim arising out of or related to this Agreement or any breach of this Agreement." *Id.*

10. Plaintiff has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the PLA and the Settlement Agreement.

11. According to the terms of the PLA, and in particular Article V Section 1, Defendant Powerchip was obliged to pay $1,000,000 to MOSAID on January 15, 2009. On or about January 15, 2009, Defendant breached the PLA by failing to make a required payment of $1,000,000 due on that date. Instead, Defendant notified Plaintiff on that date, in writing, that it would not be making the required payment.

12. On or about April 15, 2009, Defendant further breached the PLA by failing to make an additional required payment of $1,000,000 due on that date.

| | |
|---|---|
| 1 | 13. By letter of January 21, 2009, Plaintiff advised Defendant that it was in default under the |
| 2 | PLA and that interest would accrue as provided for in the PLA. Plaintiff further advised Defendant |
| 3 | that it would bring suit if payment was not made by January 26, 2009. Defendant did not make |
| 4 | payment by January 26, 2009, April 15, 2009, or at any time thereafter. |
| 5 | 14. As a result of Powerchip's breach of contract, Plaintiff has been damaged in the amount of |
| 6 | $2,000,000 plus interest. |

## CLAIM FOR BREACH OF CONTRACT

15. MOSAID incorporates by reference the foregoing paragraphs 1 – 14, as if fully set forth herein.

16. MOSAID performed all of its obligations under the PLA.

17. Defendant's acts have breached the PLA and caused damage to MOSAID. MOSAID is entitled to recover from Defendant the damages sustained by MOSAID as a result of Defendant's breach of the PLA in an amount subject to proof at trial. Based upon said breach of contract, MOSAID is entitled to recover its actual damages, attorney's fees, and other relief.

18. MOSAID is entitled to attorneys fees if it prevails in its claim for breach of the PLA.

19. Damages alone are insufficient to make MOSAID whole after Defendant's wrongful acts, and MOSAID is also entitled to equitable and other relief.

WHEREFORE, Plaintiff prays judgment against Defendant, as follows:

1. For compensatory damages in the sum of $2,000,000 plus interest at the rate of 1% per month beginning as of October 28, 2008;

2. For other damages owned to MOSAID pursuant to the Settlement Agreement and/or PLA;

3. For prejudgment interest at the legal rate;

4. For reasonable attorneys' fees, if proper, according to proof;

5. For all costs of suit; and

6. For such other and further relief as the Court may deem proper.

DATED: April 28, 2009

HOWREY LLP

By: *[signature: Scott Wales]*

Scott Wales
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES FOR BREACH OF WRITTEN CONTRACT   -4-

## DEMAND FOR JURY TRIAL

Plaintiff MOSAID Technologies, Inc. hereby demands a trial by jury of this action.

DATED: April 28, 2009

                          HOWREY LLP

                          By: /s/ Scott Wales

                          Scott Wales
                          Attorneys for Plaintiff

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: April 28, 2009

HOWREY LLP

By: /s/ Scott Wales

Scott Wales
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES FOR BREACH OF WRITTEN CONTRACT -6-